```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

Robert Alling Hull,

                Plaintiff,

vs.                                Case No.  2:05-cv-480-FtM-33DNF

State of Florida, Lee County, City
of Ft. Myers,

                Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff's Motion to Hold Judge Lynn Gerald in Contempt of Court (Doc. #60) filed June 22, 2006. Plaintiff attaches various orders entered in Plaintiff's state court case at 04-937CF pending in the Twentieth Circuit in and for Lee County which were entered by Lynn Gerald, Jr., Circuit Judge. It is unclear on what basis Plaintiff seeks to have Judge Gerald held in contempt. Nonetheless, federal courts have no authority to exercise supervisory jurisdiction over the operations of a state court, and a litigant dissatisfied with a state court judgment must pursue state remedies. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  "[F]ederal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." Siegel v. LePore, 234 F.3d 1163, 1171 (11th Cir. 2000)(citations omitted).  The Rooker-Feldman doctrine "applies not only to claims actually raised in the state court, but

also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996)(citing Feldman, 460 U.S. at 482 n.16).  See also Gogola v. Zingale, 141 Fed. Appx. 839, 842 (11th Cir. 2005); Rice v. Grubbs, 158 Fed. Appx. 163, 165 (11th Cir. 2005); Incorvaia v. Incorvaia, 154 Fed. Appx. 127 (11th Cir. 2005).  The Rooker-Feldman doctrine does not apply if plaintiff had "no 'reasonable opportunity to raise his federal claim in state proceedings.'" King v. Epstein, 2006 WL 328157, *3 (11th Cir. 2006)(quoting Blue Cross & Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989)).  Consequently, the Court will deny Plaintiff's Motions because it invoke this Court's jurisdiction in Plaintiff's underlying state action.

ACCORDINGLY, it is hereby **ORDERED, ADJUDGED and DECREED:**

1.  Plaintiff's Motion to Hold Judge Lynn Gerald in Contempt of Court (Doc. #60) is **DENIED.**

**DONE** and **ORDERED** in Ft. Myers, Florida, this 30th day of June, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

SA:  hmk

Copies: All Parties of Record

-2-